Timothy R. Kurtz, ISB No. 8774
CHAPTER 7 BANKRUPTCY TRUSTEE
P.O. Box 956
Boise, ID 83701
Telephone (208) 287-8125
Facsimile (208) 287-8130

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In Re:<br><br>Holmes, Jennifer<br><br><br>Debtors. | Case No. 21-00099-NGH<br>Chapter 7<br><br>**TRUSTEE'S OBJECTION TO EXEMPTION** |
|---|---|

**NOTICE OF OBJECTION TO EXEMPTION AND OPPORTUNITY TO OBJECT AND FOR A HEARING**

**No Objection.** The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within **14** days of the date of service of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

**Objection.** Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.

**Hearing on Objection.** The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

TO THE ABOVE NAMED COURT, THE DEBTORS AND DEBTORS' ATTORNEY:

**NOTICE**

YOU ARE HEREBY NOTIFIED that the Trustee of the above estate objects to the following exemption(s) claimed by the debtor(s) in this proceeding:

| Asset | Specific Law(s) | Value of Exemption |
|---|---|---|
| Bare Land #RP15000001470 | I.C. 55-1003, I.C. 51-115 | $175,000.00 |

**TRUSTEE'S OBJECTION TO EXEMPTION - 1**

YOU ARE FURTHER NOTIFIED that the Trustee will ask the Court to grant an Order sustaining the objection(s) without further hearing unless a written reply to the Trustee's objection is filed in duplicate within fourteen (14) days from the date this objection is mailed. File the original (1) with the U.S. Bankruptcy Court, 550 W. Fort St., Boise, ID 83724; and (2) a copy with the Trustee. A written response to the Trustee's objection must be set for hearing and notice thereof mailed to parties in interest.

## INTRODUCTION

Timothy R. Kurtz, Chapter 7 Trustee ("Trustee") timely filed a Motion for Extension of Time to Object to Exemptions (CR 27). Debtor's counsel, Michael Wilder, filed an Objection to the Motion on the same day (CR 28). The deadline to file an Objection to Exemption was set for June 21, 2021, pursuant to an Order issued by the Court (CR 23). Given that the Trustee's Motion (CR 27) is pending Court order and the deadline for objecting is June 21, 2021, Trustee hereby files this Objection to timely meet the deadline set by the Court in the event that the Court denies the Trustee's Motion (CR 27). As the Trustee provided in his Motion, he is still investigating matters related to the declaration of homestead and the notary public who purportedly witnessed the declaration. Out of an abundance of caution, the Trustee hereby files this Objection by the deadline, which will be supplemented with additional support.

## OBJECTION

Trustee objects to the Debtors' claim of exemption in the above-listed property, as the property may not by covered, in whole or in part, by the exemption statute listed and applicable Idaho law, as described further.

The Debtor in this case selected a homestead from unimproved or improved land that is not yet occupied as a homestead. After consulting with her bankruptcy counsel, Debtor learned that she needed to execute a declaration of homestead and filed the same for record in the office

**TRUSTEE'S OBJECTION TO EXEMPTION - 2**

of the recorder of the county in which the land is located.  I.C. 55-1004(1)(2).  However, the Declaration filed in this case is invalid.

A Declaration of Homestead ("Declaration"), filed as Instrument #272524, was recorded in the Boise County records on February 5, 2021, regarding Bare Land #RP15000001470 ("Real Property").  The Declaration was ostensibly signed by both owners, Brandon Fletcher, an unmarried man, and Jennifer Holmes, an unmarried woman (the "Debtor").  The Declaration expressly provides:  "IN WITNESS WHEREOF, I have hereunto set my hand and seal, this 21 day of Jan. 2021."  The Debtor first testified under oath that she signed the Declaration on January 21, 2021.  However, during the Trustee's examination, and upon realizing that the notarization was dated and certified on January 29, 2021, the Debtor then changed her testimony and stated that she put the wrong date in as January 21, 2021 and that it should have been January 29, 2021.

"In Idaho a certificate of acknowledgment, complete and regular on its face, raises a presumption in favor of the truth of every fact recited therein, and the burden of proving a state of facts which will overcome the probative force of the certificate is upon the party assailing it." *Credit Bureau of Preston v. Sleight*, 92 Idaho 210, 215, 440 P.2d 143, 148 (Idaho 1968). The burden on the party challenging the certificate of acknowledgement must be met by clear and convincing evidence. *Id.* Clear and convincing evidence is "[e]vidence indicating that the thing to be proved is highly probable or reasonably certain." *In re Adoption of Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (Idaho 2006) (quoting Black's Law Dictionary 577 (7th ed. 1999)). "[T]he uncorroborated testimony of the party acknowledging the instrument is insufficient to overcome the force of the certificate." *Credit Bureau of Preston v. Sleight*, 92 Idaho at 215, 440 P.2d at 148 (citing *Clegg v. Eustace*, 40 Idaho 651, 237 P. 438 (Idaho 1925)).

**TRUSTEE'S OBJECTION TO EXEMPTION - 3**

On its face, the Declaration fails to satisfy Idaho Code § 51-115, which provides that "A notarial act must be evidenced by a certificate.  The certificate must: (a) be executed contemporaneously with the performance of the notarial act;. . ."  I.C. § 51-115.  According to the Declaration, the certificate was not executed contemporaneously with the performance of the notarial act and therefore is invalid under Idaho law.  The Debtor's testimony at the 341 meeting held on April 22, 2021 is contrary to the Declaration filed in the Boise County records.

Moreover, the Declaration was not properly acknowledged by the notary public. An instrument recorded without an acknowledgment or with a defective acknowledgment is not entitled to be recorded and "cannot impart constructive notice." *In Re Shiloh Mgmt. Servs., Inc.*, No. AP 19-06074-JMM, 2021 WL 150410, at *6 (Bankr. D. Idaho Jan. 15, 2021), citing *Anderson Land Co. v. Small Bus. Admin. (In re Big River Grain, Inc.)*, 718 F.2d 968, 970 (9th Cir. 1983) (citing *Credit Bureau of Preston v. Sleight*, 92 Idaho at 215, 440 P.2d at 148).

The Debtor testified that she asked the notary to notarize the document, but that nothing else was said by either of them.  The Debtor never verbally acknowledged that the signature was hers, as required under Idaho law.  See *In Re Shiloh Mgmt. Servs., Inc.*, No. AP 19-06074-JMM, 2021 WL 150410, at *10 (Bankr. D. Idaho Jan. 15, 2021).  In *taking acknowledgments*, a notary properly discharges his or her duty only when the persons acknowledging execution personally appear and the notary has satisfactory evidence ... that the acknowledgers are who they say they are and *did what they say they did*.") (emphasis added). Case law supports the interpretation that the acknowledgement is separate and distinct from the signature and identification portions of the procedure. *In Re Shiloh Mgmt. Servs., Inc.*, No. AP 19-06074-JMM, 2021 WL 150410, at *11 (Bankr. D. Idaho Jan. 15, 2021).

**TRUSTEE'S OBJECTION TO EXEMPTION - 4**

Based on the Declaration as recorded and the testimony of the Debtor at the 341 meeting held on April 22, 2021, the Declaration was not properly acknowledged and is therefore invalid.

Trustee has timely submitted this Objection, but reserves the right to supplement this Objection pending the Motion for Extension of Time to Object to Exemption and further investigation and analysis.

Date: June 21, 2021                                            /s/  Timothy R. Kurtz
                                                               Chapter 7 Bankruptcy Trustee

**TRUSTEE'S OBJECTION TO EXEMPTION - 5**

## CERTIFICATE OF SERVICE

   I hereby certify that on this date as indicated below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the individuals so noted below.  I further certify that, on the same date, I have mailed by United States Postal Service the foregoing document to the following non-EM/ECF Registered Participant(s) either listed below or on an attached list.

*Electronic Notification*

**US Trustee**  ustp.region18.bs.ecf@usdoj.gov

*Served by U.S. MAIL*

Jennifer Holmes
2370 S Three Mile Creek Way
Boise, ID 83709

                /s/  Timothy R. Kurtz
                Date: June 21, 2021

**TRUSTEE'S OBJECTION TO EXEMPTION - 6**